UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-23005-BB

MARINA GANT,

*Plaintiff,*

vs.

NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINES, a Bermuda Corporation,

*Defendants.*
_____________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant NCL (Bahamas) Ltd. ("NCL"), by and through undersigned counsel, moves to dismiss the Complaint.

**Introduction and Factual Background**

This is a maritime personal injury action in which Plaintiff alleges she suffered injuries after slipping and falling on a "wet, slippery, transitory, and/or foreign substance on the floor of Deck 17" of the *Norwegian Escape*. [DE 1] Plaintiff's Complaint warrants dismissal because it fails to provide any facts to support how NCL was on notice of the allegedly dangerous condition.

**Memorandum of Law**

**I. Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id*. at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

**II. General Maritime Law Applies**

"An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty." *Gandhi v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 33395 (S.D. Fla. Mar. 14, 2014). Plaintiff agrees that this Honorable Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. [DE 1, ¶ 4].

**III. Plaintiff's Complaint Fails to Sufficiently Allege Notice**

**a. Direct Liability: Counts I, II, and III**

Plaintiff's Complaint must be dismissed because she has failed to allege sufficient matter which, taken as true, would establish a right to relief. To state a claim for maritime negligence, a plaintiff must allege facts showing 1) the defendant had a duty to protect plaintiff from an injury;

2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's injury; 4) the plaintiff suffered harm as a result. *See Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012). The duty owed by a ship owner to its passengers is a duty of reasonable care under the circumstances of each case. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). This standard requires that Plaintiff prove that NCL had actual or constructive notice of the dangerous condition that caused Plaintiff's injury. *See Pizzino v. NCL (Bahamas) Ltd*., 709 Fed. Appx. 563, 565 (11th Cir. 2017); *see also Keefe*, 867 F.2d at 1322 ("as a prerequisite to imposing liability . . . the carrier [must] have had actual or constructive notice of the risk-creating condition.").

Courts in this District have routinely dismissed maritime negligence claims where plaintiffs failed to allege sufficient facts showing that the cruise line had notice of the allegedly dangerous condition. *See e.g., Cisneros v. Carnival Corp*., 2020 U.S. Dist. LEXIS 11120 (S.D. Fla. Jan. 23, 2020) (King, J.); *Sperzel v. NCL (Bahamas) Ltd.*, 2020 U.S. Dist. LEXIS 6954 (S.D. Fla. Jan. 13, 2020) (Ungaro, J.). The Eleventh Circuit has also affirmed dismissal of cruise-ship passenger claims where the passengers failed to allege sufficient facts that the cruise lines were on notice of the allegedly dangerous conditions.

In *Newbauer v. Carnival Corp.*, the Eleventh Circuit affirmed a district court's granting of a cruise-ship operator's motion to dismiss that found that *Newbauer* failed to provide any factual allegations to support her claim that *Carnival Corp.* had actual or constructive notice of the hazard which allegedly caused her injury. 2021 U.S. Dist. LEXIS 34240 (S.D. Fla. Feb. 24, 2021) (Scola, J.), aff'd 26 F.4th 931 (11th Cir. 2022). In *Newbauer*, the plaintiff cruise-passenger alleged she was injured when she slipped and fell on a wet, slippery transitory substance on the cruise-ship's

Lido deck, and filed suit against the cruise-ship operator alleging that it negligently failed to maintain the area and/or warn her of the condition. In dismissing *Newbauer's* claims, the district court found that "[n]one of the Plaintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard complained of because the Plaintiff's complaint fails to satisfy applicable federal pleading standards under Federal Rule 8 and the *Iqbal/Twombly* standard." 2021 U.S. Dist. LEXIS 34240 at *4. In affirming the district court's decision, the Eleventh Circuit similarly concluded that the passenger "failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition." *Newbauer*, 26 F.4th at 935.

More recently in *Holland v. Carnival Corp.*, 2022 U.S. App. LEXIS 27733 (11th Cir. Oct. 4, 2022), the Eleventh Circuit again reaffirmed the principle that, "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Id.* at *12. In *Holland*, the plaintiff cruise-passenger filed suit against the cruise-ship operator alleging that he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship. *Holland* alleged facts that made it possible that the cruise-line had notice of the allegedly dangerous condition, but he failed to provide factual allegations that plausibly suggested the cruise-line had notice, actual or constructive, of the dangerous condition. "Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief." *Id.* at *16, citing *Iqbal*, 556 U.S. at 678.

In the present case, Plaintiff's Complaint does not allege any facts to support her allegation that NCL was on notice of the allegedly dangerous condition. She makes form and conclusory allegations, such as:

- "…NCL had actual and/or constructive notice of the propensity for slip and falls on Deck 17 of the 'ESCAPE' including in the areas of the open deck where Plaintiff slipped and fell from substantially similar prior incidents, on the 'ESCAPE' and her sister ships." [DE 1, ¶ 21][1]

- "As an alternative to the allegations in the preceding paragraph, the wet, slippery floor surface on Deck 17 of the 'ESCAPE' had been present for a sufficient period of time before the Plaintiff's fall described in Paragraph 13 above, such that the Defendant knew or should have known of it and had an opportunity to take corrective measures." [DE 1, ¶ 22][2]

Plaintiff provides no facts or information about the "substantially similar prior incidents" which she alleges serve as notice to NCL, or to support her allegations that the alleged "wet, slippery, transitory, and/or foreign substance" was there long enough to support constructive notice. What other incidents are substantially similar? When and where did they happen, and how are they substantially similar? How long was the alleged "wet, slippery, transitory, and/or foreign substance" there? How big was it? Where did it come from? How does Plaintiff know this information?

These are just examples of some of the facts that Plaintiff must allege in order for her allegations to "cross the line from possibility to plausibility of entitlement to relief." Plaintiff's hollow and conclusory allegations should not be deemed sufficient to support her claim that NCL was on notice, actual or constructive, of the "wet, slippery, transitory, and/or foreign substance" upon which she allegedly slipped. Plaintiff has failed to plead factual allegations to support how NCL had actual or constructive notice, and without factual allegations to support notice, her claims must be dismissed. *See Nichols v. Carnival Corp*., 423 F. Supp. 3d 1316, 1323 (S.D. Fla. Sep. 17,

---

1 Plaintiff uses this exact same allegation to support each of her direct liability claims, Counts I, II, and III. See paragraphs 21, 29 and 37 of the Complaint.

2 Plaintiff uses this allegation to support each of her direct liability claims. The allegation is identical in Counts I and II, but modified slightly in Count III. See paragraphs 22, 30 and 38 of the Complaint.

2019) (plaintiff's negligence claim dismissed because it "failed to articulate what facts gave Carnival actual or constructive notice about any dangerous condition") (citing *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392-93 (S.D. Fla. 2014) and *Polanco v. Carnival Corp.*, No. 10-21716-CIV, 2010 U.S. Dist. LEXIS 150857, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010)).

**b. Vicarious Liability: Counts IV, V, and VI**

Plaintiff's Complaint also alleges three counts (IV, V, and VI) claiming that NCL is vicariously liable. Plaintiff does not, however, specify the crewmember(s) for whom it is liable, or the alleged negligent action(s) or inaction(s). The only crewmember Plaintiff specifically references in her Complaint is the cruise director, but Plaintiff does not provide any factual allegations to suggest that the cruise director was in any way negligent. The only fact Plaintiff alleges about the cruise director is in paragraph 15 of the Complaint, where she alleges that after her fall, "a nearby cruise director immediately came to help her up." [DE 1, ¶ 15] That doesn't sound like negligence. The only other references to the cruise director are conclusory allegations of failures allegedly committed by "NCL's cruise director and personnel assigned to maintain and/or clean the area of Deck 17…". [DE 1, ¶ 44 – 45, ¶ 50 - 51, and ¶ 56 – 57]. Plaintiff's Complaint makes no effort to provide any factual allegations about any specific crewmember(s) who was negligent and for which NCL is vicariously liable, and therefore these claims fail to state a claim upon which relief can be granted.

Plaintiff's vicarious liability counts (IV, V and VI) do not allege that NCL was on notice of the allegedly dangerous condition, nor do they contain any facts that would support an inference that NCL was on notice, nor does she provide any specific information about who NCL may be vicariously liable for. These counts appear to only be alleged in an effort to bypass the notice

requirement. Although the Eleventh Circuit may have recently relaxed the notice requirement in certain vicarious liability claims, not all claims can escape it.

By way of example, the Court in *Yusko v. NCL (Bahamas) Ltd.* held that notice would be required in cases where "[s]ometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury." 4 F.4th 1164, 1170 (11th Cir. 2021), citing *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318 (11th Cir. 1989). Since then, in *Britt v. Carnival Corp.*, the Eleventh Circuit "decline[d] to excuse the notice requirement…for [c]ount V—Plaintiff cannot maintain a vicarious liability claim arising from allegations that Defendant's employees negligently mopped, and therefore negligently maintained Defendant's premises and failed to warn…" 2021 U.S. Dist. LEXIS 248263, 2021 WL 6138848, at *5.

This Court has previously addressed *Britt*, and cited to it, when analyzing a motion to dismiss a cruise-passenger's second amended complaint in *Green v. Carnival Corp.*, No. 22-CV-20192, 2022 U.S. Dist. LEXIS 122478 *; 2022 WL 2702789 (S.D. Fla. July 12, 2022). In *Green*, this Court stated that "[i]f Plaintiff were attempting to bypass the notice requirement for negligent failure to warn and failure to maintain claims by also asserting vicarious liability, then the failure to allege notice would be fatal to his vicarious liability claim." *Id.* at *18. NCL recognizes that this Court denied Carnival's motion to dismiss in *Green*, but in so doing, this Court pointed out that *Green* was "plainly alleging notice in [the vicarious liability count]." A simple comparison of *Green's* second amended complaint[3] with Plaintiff's clearly illustrates why NCL's Motion to Dismiss deserves a different fate than Carnival's motion. *Green* at least alleged that another individual informed him that prior to his slip, another passenger dropped food which a

3 For the Court's reference and convenience, *Green's* Second Amended Complaint is attached as Exhibit "A."

crewmember attempted to clean up and failed to warn about; allegations that could serve to put Carnival on notice and provide information for whom it may be vicariously liable. See Exhibit "A" at ¶ 15 – 17. Plaintiff is undoubtedly attempting to bypass the notice requirement by alleging hollow vicarious liability counts. Plaintiff's failure to allege that NCL was on notice of the allegedly dangerous condition, and her failure to allege any facts for who NCL is vicariously liable for, should be fatal to her vicarious liability claims.

## IV. Plaintiff Fails to Allege that the Dangerous Condition was Not Open and Obvious

Count III of Plaintiff's Complaint seeks to hold NCL directly liable for a negligent failure to warn. This Count warrants dismissal, however, because Plaintiff fails to contend that the allegedly dangerous condition was not open and obvious. A motion to dismiss a negligent failure to warn claim should be granted when the plaintiff fails "to allege that any danger was not open and obvious to Plaintiff." *Spall v. NCL Bah., Ltd.*, 275 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016); citing *Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1356 (S.D. Fla. 2013).

While it is well-established that cruise lines owe a duty of reasonable care to its passengers, that duty does not extend to dangers which are open and obvious. *Spall*, 275 F. Supp. 3d at 1349. "A defendant has no duty to warn a plaintiff about dangers that are open and obvious." *Id.;* citing *Magazine v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 41092, *5 (S.D. Fla. 2014). Open and obvious conditions are those that should be obvious by the ordinary use of one's senses. *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, *4 (S.D. Fla. 2015); citing *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (noting that open and obvious conditions are "discernible through common sense and the ordinary use of eyesight."). Whether a danger is open and obvious is determined from an objective, not subjective point of view. *Flaherty v. Royal Caribbean Cruises, Ltd.*, 2015 U.S. Dist. LEXIS 165485 (S.D. Fla. 2015). This objective point of

view "asks whether a reasonable person would have observed the condition and appreciated the nature of the condition." *Malley v. Royal Caribbean Cruises, Ltd*., 713 F. App'x 905 at 908 (11th. Cir. 2017). Since Plaintiff has failed to allege that the dangerous condition which caused her incident was not open and obvious, NCL had no duty to warn her of it and her claim for failure to warn must be dismissed.

**Conclusion**

For the foregoing reasons and based on the above cited authorities, NCL respectfully submits that this Honorable Court should enter an Order Dismissing the Complaint.

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Plaintiff's Complaint, in addition to all further relief deemed just and proper.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4653
Facsimile: (305) 468-2132

By: */s/ Todd Sussman*
**Todd Sussman, Esq.**
Florida Bar No. 0084729
tsussman@nclcorp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2023, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Todd Sussman*
**Todd Sussman, Esq.**

**SERVICE LIST**

*Marina Gant vs. NCL (Bahamas) Ltd.*
Case No.: 23-cv-23005-BB
United States District Court for the Southern District of Florida

Todd Sussman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone: (305) 436-4653
Facsimile: (305) 468-2132
tsussman@nclcorp.com
jjara@nclcorp.com
*Attorneys for Defendant*

Nicholas Gerson, Esq.
Phillip M. Gerson, Esq.
Edward S. Schwartz, Esq.
David L. Markel, Esq.
Shannon Crosby, Esq.
Brandon P. Volk, Esq.
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami. Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
pgerson@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
dmarkel@gslawusa.com
scroslni@gslawusa.com
bvolk@gslawusa.com
*Attorneys for Plaintiff*